ELECTRONICALLY
FILED
6/9/2025 9:48 AM
SAN LUIS OBISPO SUPERIOR COURT
BY D. Rincon, Deputy Clerk

Youssef H. Hammoud (SBN: 321934)
**THE CREDIT ATTORNEY, INC.**
601 N Parkcenter Drive Suite 202
Santa Ana, CA 92705
T: (949) 301-9692
F: (949) 301-9693
E: yhammoud@thecreditattorney.com

*Attorney for Plaintiff*,
*Silvio Santiago*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN LUIS OBISPO

| | |
|---|---|
| SILVIO SANTIAGO<br><br>Plaintiff,<br><br>v.<br><br>DIGNITY HEALTH FRENCH HOSPITAL MEDICAL CENTER; ARSTRAT LLC; and DOES 1-10 INCLUSIVE<br><br>Defendants. | Case No. 25CV-0373<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Unlimited Civil Action; Amount Demanded Exceeds $35,000.00**<br><br>1. RFDCPA, Cal. Civ. Code. § 1788 *et seq*.<br>2. FDCPA, 15 U.S.C. § 1692 *et seq*.<br><br>(Unlawful Debt Collection Practices) |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Silvio Santiago ("Plaintiff"), by and through his attorneys, alleges the following against Dignity Health French Hospital Medical Center ("Dignity Health"), Arstrat LLC ("Arstrat") and DOES 1-10 Inclusive.

## INTRODUCTION

1. Count I and II of Plaintiff's Complaint is based upon the RFDCPA and FDCPA, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

2. The California Superior Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10 and California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all case except those given by statute to other trial courts." This Court also has jurisdiction over this action pursuant to California Civil Code § 1788.30(f), which provides for enforcement in any court of competent jurisdiction. The statutes under which this action is brought do not grant jurisdiction to any other trial court in California.

3. Because Defendant conducts business within the County of San Luis Obispo, State of California personal jurisdiction is established.

4. Venue is proper in of San Luis Obispo Superior Court, pursuant to California Code of Civil procedure §§ 395 and 395.5, because one or more of the violations alleged in this Complaint arise in the County of San Luis Obispo. Venue is also proper in the San Luis Obispo Superior Court, pursuant to California Code of Civil Procedure § 395(b), because this action arises from an extension of

credit intended primarily for personal, family or household use and Plaintiff resided in the County of San Luis Obispo when the violations alleged in this Complaint arose.

## PARTIES

5. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

6. Plaintiff is a natural person residing in San Luis Obispo, California.

7. Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

8. As a partnership, corporation, limited liability company, or other similar entity, Defendant is a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

9. Defendant alleges Plaintiff owed it money arising out of medical services performed upon Plaintiff by Defendant for treatment of injuries arising out of an industrial work-place accident, without payment being required at the time of services being rendered, and Plaintiff is informed and believes the money alleged to have been owed to Defendant originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d).

10. Plaintiff allegedly owed a monetary debt to Defendant, which makes Defendant a "creditor" under California Civil Code § 1788.2(i) of the Rosenthal Act.

11. Upon information and belief, Defendant is attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

12. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant arising from what Plaintiff is informed and believes was a consumer credit transaction due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

13. Plaintiff is informed and believes Defendant regularly collects or attempts to collect debts on behalf of itself and is therefore a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

14. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

15. At all relevant times herein, Defendant Dignity Health was a company engaged, by use of mail and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant can be served through its agent for service of process, CSC - Lawyers Incorporating Service Amanda Garcia located at 330 N Brand Blvd, Glendale, CA 91203.

16. At all relevant times herein, Defendant Arstrat was a company engaged, by use of mail and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant can be served through its agent for service of process, Cogency Global Inc. Erin Haggerty located 1325 J ST STE 1550, Sacramento, CA. Defendant Arstrat is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and

happenings hereinafter referred to, and caused damages thereby to the Plaintiff, as hereinafter alleged. Defendant, DOES 1-10, are, and each of them is, a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. On or about March 31, 2024, Plaintiff was injured in a work-related accident which has required on-going medical treatment/services.

20. Plaintiff's employer accepted liability for the injuries he suffered at work and therefore, any and all amounts due from the medical treatment and/or services rendered in relation to his work-place injury is not Plaintiff's legal responsibility.

21. Plaintiff's workplace injury necessitated ongoing medical treatment/services.

22. On or about April 5, 2024, Defendant Dignity Health provided medical/ treatment/services related to Plaintiff's workplace injury.

23. Defendant Dignity Health knew or should have known that it was providing medical treatment/services to Plaintiff related to his workplace injury.

24. Upon information and belief, Plaintiff's medical file and/or account notes reflect the workers compensation claim and insurance information.

25. As such, Defendant is prohibited from engaging in any collection efforts related to the alleged debt at issue.

26. Defendant Dignity Health, in its ordinary course of business, regularly, on behalf of itself, engages in debt collection.

27. In or around May 2024, Defendant Dignity Health sent Plaintiff a medical bill/statement for the April 2, 2024, medical treatment/services rendered to Plaintiff for his workplace injury.

28. The medical bill/statement was attempting to collect the amount of $309,912.68 which Plaintiff is not responsible for.

29. After receiving the medical bill/statement, Plaintiff contacted Dignity Health and informed them that the medical treatment/services rendered to him were related to his workplace injury and not his responsibility.

30. Plaintiff provided Defendant Dignity Health with the workers compensation information and was told that it would be taken care of.

31. However, Defendant Dignity Health continued to engage in unlawful debt collection.

32. On or about September 6, 2024, Defendant Dignity Health sent Plaintiff a medical bill/statement for the April 5, 2024, medical treatment/services rendered to Plaintiff for his workplace injury.

33. The medical bill/statement was attempting to collect the amount of $250.00 which Plaintiff is not responsible for.

34. On or about September 26, 2024, Plaintiff's workers compensation attorneys sent Defendant Dignity Health a cease-and-desist letter regarding its unlawful attempts to collect from Plaintiff.

35. Upon information and belief, Defendant Dignity Health received the cease-and-desist letter.

36. Despite this, Defendant Dignity Health continued its unlawful debt collection actions.

37. On or about November 6, 2024, Dignity Health sent Plaintiff a medical bill/statement for the April 5, 2024, medical treatment/services rendered to Plaintiff for his workplace injury.

38. The medical bill/statement was attempting to collect the amount of $250.00, which Plaintiff is not responsible for.

39. The November 2024 bill indicated it was the "FINAL NOTICE."

40. In or around December 2024, Defendant Dignity Health placed Plaintiff's account with Defendant ARSTRAT for debt collection.

41. Defendant ARSTRAT, in its ordinary course of business, regularly, on behalf of others, engages in debt collection.

42. On or about January 6, 2025, Defendant ARSTRAT sent Plaintiff a collection letter for the April 5, 2024 medical treatment/services rendered by Defendant Dignity Health to Plaintiff for his workplace injury.

43. The collection letter was attempting to collect an amount of $250.00 which Plaintiff is not responsible for.

44. Defendants possessed and/or had access to specific information regarding Plaintiff's injuries, including the fact that they were work-related; a critical fact which Defendant knew or should have known.

45. Defendants engaged in unlawful debt collection actions against the Plaintiff regarding the attempts to collect on a debt subject to workers compensation.

46. Plaintiff informed Defendant Dignity Health that his injuries were related to his worker compensation case.

47. As a result, Dignity Health had direct knowledge of Plaintiff's workplace injury, workers compensation claim and billing information, and was put on notice of its inadequate policies and procedures as it relates to the collection of debt subject to workers compensation.

48. Despite this, Defendants have continued to engage in unlawful debt collection actions, including attempting to collect an alleged debt from Plaintiff that he does not owe.

49. As a result of these actions, Plaintiff believes that Defendants are intentionally harassing him and/or abusing him by subjecting him to repeated debt collection attempts on a debt that he is not legally responsible for.

50. Defendants engaged in debt collection by sending Plaintiff repeated medical bills/statements and/or collection letters related to the medical treatment/services rendered to him for his workplace injuries.

51. Due to Defendants abusive actions, Plaintiff suffered from emotional and mental pain and anguish, including but not limited to, stress, anxiety, fear, and confusion.

52. Plaintiff was attempting to focus on his health and recovery after the treatment on April 5, 2024, however, Defendants' unlawful collection efforts interrupted his solitude.

53. Defendants had in their possession and/or had access to all information necessary to properly handle the correct billing for the treatment, and despite this, Defendants sent Plaintiff multiple bills/statements and/or collection letters in an attempt to collect on a debt(s) Plaintiff is not legally responsible for.

54. The RFDCPA is a "state version" of the FDCPA that "mimics or incorporates by reference the FDCPA's requirements," including sections 1692d through 1692f, "and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

55. The RFDCPA is a strict liability statute. *Garcia v. Creditors Specialty Serv.,* No. 14-cv-01806-BLF, 2016 U.S. Dist. LEXIS 159686, at *15 (N.D. Cal. Nov. 2016).

56. Defendants attempted to collect a debt regarding Plaintiff's medical treatment/services stemming from work-related injuries covered by workers' compensation.

57. Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

58. Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

59. Plaintiff has the interest and right to be free from the fear of being placed in collections on debts Plaintiff does not owe.

60. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendant Dignity Health.

61. Defendants deprived Plaintiff of these rights.

62. The alleged debt(s) Defendants are attempting to collect cannot be lawfully collected from Plaintiff and as a result, the medical bills, statements and/or collection letters contain false, deceptive, and misleading representations.

63. The medical bills/statements and/or collection letters sent by Defendants deceived Plaintiff into thinking he was legally responsible for the medical treatment/services rendered to his that was related to his workplace injury.

64. Defendants' collection attempts misled the Plaintiff by implying that he was personally responsible for the alleged debt, despite knowing that the debt was covered under workers' compensation.

65. Defendants engaged in unfair and/or deceptive acts and/or unfair methods of competition by attempting to collect amounts that cannot lawfully be collected from Plaintiff.

66. Defendants conduct as described in this Complaint were willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

67. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debts and other alleged debts.

68. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

69. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued for debts Plaintiff does not owe.

70. As a result of Defendants actions, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

71. As a result of Defendants conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged debt.

72. The deprivation of Plaintiff's rights will be redressed by favorable decision herein.

73. Plaintiff has a physical impairment that substantially limits one or more major life activities, including but not limited to, caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and/or working.

# COUNT I
## All Defendants
### (Violations of RFDCPA, CAL. CIV. CODE § 1788 *et seq.*)

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

    a. Defendants violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        a. Defendants violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

        b. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

        c. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

    d. Defendants violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

    e. Defendants violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

    f. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

76. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

77. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
### Defendant Arstrat
**(Violations of FDCPA, 15 U.S.C. § 1692 *et seq*.)**

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

    b. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

    c. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

    d. Defendant violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

    e. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

    f. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

80. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

81. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Silvio Santiago respectfully requests judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants violated the RFDCPA;

B. Statutory damages against Defendants of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

C. Actual damages against Defendants pursuant to Cal. Civ. Code §1788.30(a);

D. Costs and reasonable attorneys' fees against Defendants pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

E. Declaratory judgment that Defendant Arstrat violated the FDCPA;

F. Statutory damages against Defendant Arstrat of $1,000.00 pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A);

G. Actual damages against Defendant Arstrat pursuant to FDCPA, 15 U.S.C. § 1692k(a)(1);

H. Costs and reasonable attorneys' fees against Defendant Arstrat pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3);

I. Treble damages pursuant to Cal. Civ. Code § 3345 for the sake of punishing or deterring Defendants for conduct;

J. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

K. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action. Respectfully submitted this 9 day of June 2025.

By: /s/ Youssef H. Hammoud
Youssef H. Hammoud (SBN: 321934)
**THE CREDIT ATTORNEY, INC.**
601 N Parkcenter Drive Suite 202
Santa Ana, CA 92705
T: (949) 301-9692
F: (949) 301-9693
E: yhammoud@thecreditattorney.com

*Attorney for Plaintiff,*
*Silvio Santiago*